**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STAR TANISHA MARGARET EUBANKS,** : | **Civil No. 1:11-CV-1030** |
| : | |
| Plaintiff, : | |
| : | **(Chief Judge Kane)** |
| v. : | |
| : | **(Magistrate Judge Carlson)** |
| **POLYCLINIC MEDICAL CENTER,** : | |
| : | |
| Defendant. : | |

**REPORT AND RECOMMENDATION**

**I.   Statement of Facts and of the Case**

On May 27, 2011, the Plaintiff, Star Tanisha Margaret Eubanks, filed a *pro se* civil complaint with this Court. (Doc. 1.) The Plaintiff's complaint is an exceedingly spare document. The cover sheet accompanying the complaint alleges that Eubanks intended to file a civil rights-medical malpractice claim, but the complaint itself simply asserts without any further discussion or description: "Pregnancy hospital visits ambulance: etc.– fetus being left in child while not living." (Id.)  Thus, the complaint seems to arise out of a miscarriage by an unidentified person at some time

and date which is undisclosed. (Id.) Moreover, the complaint contains no other factual averments which explain how this case becomes a civil rights matter. (Id.) Furthermore, the complaint states that both the Plaintiff, Ms. Eubanks, and the Defendant, Polyclinic Medical Center, reside in Dauphin County, Pennsylvania. (Id.) The complaint then seeks the following relief: "To give her[1] better medical care and attention if on the ambulance: $250,000." (Id.) Along with this complaint, Ms. Eubanks filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) While we will grant this motion, as part of our legally-mandated screening of *pro se*, *in forma pauperis* cases, we have carefully reviewed this complaint, and conclude that the pleading, in its current form, fails to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

**II.  Discussion**

    **A.  Legal Standards Governing Sufficiency of Civil Complaints**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases.

---

[1]The use of this pronoun, "her," suggests that the Plaintiff may not actually be the person who suffered the miscarriage that appears to have been alleged in the complaint, but in the absence of any further well-pleaded facts, it is impossible to determine precisely who has suffered an injury here.

See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light

3

most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

5

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint properly invokes the jurisdiction of this court.

      **B.**    **In its Current Form This Complaint Fails to State A Claim Upon Which Relief Can Be Granted**

In this case, dismissal is warranted because Eubanks' pleadings fail to meet the substantive standards required by law, in that they do not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States, or a diversity claim over which the federal courts can exercise jurisdiction.

At the outset, the cover sheet to Eubanks' complaint alleges that this is a federal civil rights action. (Doc. 1.) Such civil rights actions can be brought pursuant to 42 U.S.C. §1983, however, it is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions.

Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

> In this regard, it is also well-settled that:
>
> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996)(emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights. To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

This principle applies here and compels dismissal of this civil rights complaint in its current form. Ms. Eubanks' complaint names a single Defendant, Polyclinic Medical Center, which is plainly identified in the complaint as a private party, and not an agency of state or local government. There are absolutely no allegations that any state or local officials played any role in the conduct alleged in the complaint. Since proof that "the conduct complained of was committed by a person acting under color of state law" is crucial for a federal civil rights claim, Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996), the Plaintiff's allegations against this private party simply do not state a violation under the federal civil rights statute. Therefore, the complaint must be dismissed as a federal civil rights action.

Since jurisdiction does not lie over this dispute in federal court as a civil rights matter due to Eubanks' failure to properly plead any actions taken under color of state law, the only remaining basis for asserting federal jurisdiction in this case would be diversity of citizenship. See 28 U.S.C. §1332. "According to 28 U.S.C. § 1332(a)(1), 'The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.' . . . . To invoke diversity jurisdiction, [the plaintiff] was required to plead that [s]he is a citizen of a particular state and that the

defendants are citizens of a different state or states.  See 5 Wright & Miller, Fed. Prac. & Proc. Civ.3d § 1208; see also, e.g., Schultz v. Cally, 528 F.2d 470, 472-73 (3d Cir.1975)." Johnson v. New York,  315 F. App'x 394, 395 (3d Cir. 2009).

Here, the facts recited in Eubanks' complaint do not support jurisdiction based upon diversity of citizenship. Rather, this pleading actually refutes diversity jurisdiction, since the complaint alleges that the Plaintiff and Defendant are both citizens of the same state, Pennsylvania. Therefore, on the face of this complaint, the Court cannot exercise jurisdiction over this lawsuit based upon alleged  diversity of citizenship. Yet, while these allegations presently set forth in this complaint do not state a federal case, either as a diversity lawsuit, or under the federal civil rights statute, this does not mean that Ms. Eubanks has no remedies available to her. When a private person is alleged to have been injured by another private person residing in the same state, that conduct may allow for claims in state court under state law. Therefore, Ms. Eubanks  should understand that the state courts may stand ready to consider these claims, even if the claims advanced by Eubanks may not be brought in federal court. However, in its present form, Eubanks' complaint fails to state a claim upon which relief may be granted, either as a diversity lawsuit, or  as a federal civil rights lawsuit. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii), it is recommended that the complaint be dismissed.

We recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, Eubanks has not alleged facts that would state a claim upon which relief may be granted, and it appears that she may be unable to do so. Nonetheless, out of an abundance of caution, and in order to preserve the Plaintiff's rights, it is recommended that this matter be dismissed without prejudice to Eubanks either endeavoring bring a claim in state court or attempting to amend her federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law.[2]

---

[2] If Ms. Eubanks attempts to re-file this complaint in federal court, we note that the demand for specified compensatory damages totaling $250,000 set forth in the original complaint is inappropriate. Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f). Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984). In this case, the plaintiff's claim for a specified amount of unliquidated damages violates Local Rule 8.1 which provides, in part, that: "The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief <u>but shall not claim any specific sum where unliquidated damages are involved.</u> The short plain statement of jurisdiction, required by Fed.R. Civ.P.8(a)(1), shall set forth any

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, the Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED, but IT IS RECOMMENDED that the Plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted, but that the dismissal of this action be without prejudice to any effort by Eubanks to timely allege facts in an amended complaint which might state a claim upon which relief may be granted.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo

---

amounts needed to invoke the jurisdiction of the court but no other." Local Rule 8.1 (emphasis added). Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, that specific dollar claim will be stricken from the complaint without prejudice to the Plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 1st day of June, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge